UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donovan Dejuan Brown,<br><br>Plaintiff,<br><br>v.<br><br>Steve Hammer; Lt. Bob Plumm; Coral Krippner; Richard Neururer; Jason Miller; Mary Stahl-Swanson; Connie Hartwig; Lara Jensen; Cherl Cole; John Agrimson; Michelle Smith; Theresa Wohlhaefer; Jeff Dansky; Karin McCarthy, and Pete Orput,<br><br>Defendants. | Case No. 16-cv-0366 (SRN/HB)<br><br>REPORT AND RECOMMENDATION |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Donovan Dejuan Brown commenced this action by filing a complaint seeking relief for alleged deprivations of constitutional rights committed by state and prison officials.  Brown did not pay the required filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP") [Doc. No. 2].  In an order dated April 21, 2016, this Court required Brown to pay an initial partial filing fee of $5.88 [Doc. No. 13].  Brown was given 30 days to pay the initial partial filing fee, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Brown has not paid the required filing fee. Brown has, however, filed a motion alleging *inter alia* that he does not have the money to

pay the initial partial filing fee [Doc. No. 14]. This allegation is belied by Brown's IFP application, however, which identifies that Brown has received $29.39 on average to his prison trust account over each of the past six months [Doc. No. 14 at 6]. Moreover, Brown himself attests that he is currently employed by the Minnesota Department of Corrections during his incarceration [Doc. No. 15 at 7].

This Court recognizes that $5.88 is not a negligible expense for Brown. That said, 28 U.S.C. § 1915(b) makes clear that a prisoner must pay an initial partial filing fee before proceeding with civil litigation in federal court.[1] This litigation has now been pending for nearly four months and Brown has not yet paid the necessary initial partial filing fee. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

---

[1] Section 1915(b)(4) excuses this requirement for prisoners with "no assets and no means by which to pay the initial partial filing fee." But as described above, Brown's documents show that he has the means to pay the filing fee; more than sufficient deposits have been made to his prison trust account to cover the initial partial filing fee. In addition, this Court notes that an IFP application recently submitted by Brown in another case in this District demonstrates that the average deposits to his account have remained unchanged recently. *See Brown v. Smith*, No. 16-cv-1207 (SRN/HB) (D. Minn. filed May 23, 2016) [Doc. No. 11].

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. All pending motions [Doc. Nos. 2, 11, and 14] be **DENIED AS MOOT**.

Dated:  June 6, 2016      s/ *Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.