**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Donovan Dejuan Brown,<br><br>        Plaintiff,<br>v.<br><br>Steve Hammer; Lt. Bob Plumm; Coral Krippner; Richard Neururer; Jason Miller; Mary Stahl-Swanson; Connie Hartwig; Lara Jensen; Cherl Cole; John Agrimson; Michelle Smith; Theresa Wohlhaefer; Jeff Dansky; Karin McCarthy; and Pete Orput,<br><br>        Defendants. | Case No. 16-cv-366 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Donovan Dejuan Brown, *pro se*, MCF-Oak Park Heights, 5329 Osgood Ave. N., OID# 228814, Stillwater, MN 55082.

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Plaintiff Brown's Objection to the Report and Recommendation ("Plaintiff's Objection") [Doc. No. 17]. Brown objects to the Report and Recommendation ("R & R") dated June 6, 2016 [Doc. No. 16] which recommended dismissing his claims without prejudice for failure to prosecute. For the reasons set forth below, Plaintiff's Objection is sustained and the Court respectfully declines to adopt the R & R.

**I.    BACKGROUND**

     Plaintiff Brown ("Brown") filed a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by state and prison officials. (See

Compl. [Doc. No. 1].)  Brown did not pay the required filing fee, but instead sought leave to proceed <u>in forma pauperis</u> ("IFP").  (<u>See</u> Application to Proceed Without Prepaying Fees filed February 16, 2016 ("First IFP App.") [Doc. No. 2].)  Magistrate Judge Bowbeer ("Judge Bowbeer") ordered Brown to submit financial information in accordance with 28 U.S.C. § 1915 so that she might rule on his IFP application.  (<u>See</u> Order dated February 29, 2016 [Doc. No. 9].)

   Brown subsequently filed a second IFP application which contained the certified financial information required under § 1915.  (<u>See</u> Application to Proceed Without Prepaying Fees filed March 23, 2016 ("Second IFP App.") [Doc. No. 11].)  According to those documents, over the preceding six months the average monthly deposit to Brown's prison trust account was $29.39 and the average monthly balance of that account was $10.60.  (<u>See</u> <u>id.</u> at 6.)  Based on this information, Judge Bowbeer ordered that Brown pay an initial filing fee of $5.88 within 30 days, otherwise his claims would be dismissed without prejudice for failure to prosecute.  (<u>See</u> Order dated April 21, 2016 [Doc. No. 13].)  In response, Brown filed a motion which in relevant part stated that he could not pay the $5.88 because he was no longer employed and had "no funds."  (<u>See</u> Motion filed May 9, 2016 [Doc. No. 14].)

   Brown did not pay the $5.88 filing fee and Judge Bowbeer recommended dismissing Brown's suit for failure to prosecute.  (R & R at 3.)  Judge Bowbeer acknowledged Brown's claim he could not pay the required fee, but found that claim belied by his own repeated assertions that he was working and the information regarding

the average amount in Brown's spending account in the months before he filed suit. (See id. at 2.)

Brown objects to the R & R, claiming that he has been unemployed since February of 2016, has not received funds from friends or family in months, and that his spending account has no money in it. (See Pl.'s Obj. at 1–2.) In support, Brown filed a series of exhibits consisting mostly of statements from his prison spending account for February, March, and May of 2016. (See Exhibits ("Account Statements") [Doc. No. 19].) It appears there have been no deposits into Brown's account since February of 2016 and he has maintained a $0.00 balance since that time. (See id.)

## II.   DISCUSSION

The Court must conduct a *de novo* review of any portion of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R . Civ. P. 72(b); D. Minn. L.R. 72.2(b).

Courts may authorize a prisoner to commence a lawsuit without prepayment of fees or security upon certain conditions. See 15 U.S.C. § 1915(a)(1). A prisoner must submit an affidavit regarding the average deposits to, and balance of, his prison spending account. See 15 U.S.C. § 1915(a)(2). A court then uses this information to assess whether an initial partial filing fee is appropriate, and if so, how much it should be according to a statutory formula. See 15 U.S.C. § 1915(b)(1). Failure to pay the required initial filing fee allows for a court to dismiss the suit for failure to prosecute. See Fed. R. Civ. P. 41(b). However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has

no assets and no means by which to pay the initial partial filing fee." 15 U.S.C. § 1915(b)(4).

The information provided to Judge Bowbeer regarding Brown's financial status was confusing and apparently outdated. A prison official certified that in the six months before Brown's suit, he received regular deposits and carried a positive balance in his prison spending account. Brown claimed that he was employed and was receiving monthly wages for his work. (See First IFP App. at 1 (claiming to be employed and making $60-$70 a month); Second IFP App. at 1 (claiming an average monthly income of $30 and an expectation of receiving $20 as a gift in the next month).) However, it appears Brown's financial circumstances changed shortly after he filed suit. Not until after the R & R was issued did Brown produce evidence that he is unemployed and has no funds whatsoever available to him. Where there is evidence that a prisoner lacks the financial means to pay even a partial initial filing fee, it is an abuse of discretion to dismiss his claims for failure to pay. See Clemmons v. City of Kansas City, Mo., 495 F. App'x 746, 746–47 (8th Cir. 2012). Thus, the Court sustains Brown's objections and respectfully declines to adopt the R & R.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection [Doc. No. 17] is **SUSTAINED**.

2. The Court respectfully **DECLINES TO ADOPT** the Report and Recommendation [Doc. No. 16].

4

3. Plaintiff's Motions to Proceed Without Prepaying Fees [Doc. Nos. 2 and 11] are **GRANTED** to the extent that Plaintiff may proceed without paying an initial partial filing fee.

4. Plaintiff's other motions [Doc. Nos. 3, 5, 11, and 14] are referred back to Magistrate Judge Bowbeer for resolution following a screening of Plaintiff's claims pursuant to 15 U.S.C. § 1915(e)(2).

Dated:  June 27, 2016                                          s/ Susan Richard Nelson
                                                               SUSAN RICHARD NELSON
                                                               United States District Judge